IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOUNCING BEAR BOTANICALS, INC.;        )<br>JONATHAN SLOAN and BRAD MILLER;    )<br>                                                                      )<br>         **Plaintiffs,**                                         )<br>                                                                      )<br>v.                                                                 )<br>                                                                      )<br>KTW ENTERPRISES, LTD.; RYAN SCOTT, )<br>a/k/a BO SCOTT; and ALEX DIMOV, d/b/a )<br>ALLEGRAND ENTERPRISES;                    )<br>                                                                      )<br>         **Defendants.**                                      )<br>_____)  | CIVIL ACTION<br><br>No. 10-4138-KHV |

## MEMORANDUM AND ORDER

Bouncing Bear Botanicals, Inc., Jonathan Sloan and Brad Miller bring suit against KTW Enterprises, LTD, Ryan Scott and Alex Dimov, alleging violations of the Lanham Act, 15 U.S.C. § 1121, et seq., and various supplemental state law tort claims and trademark violations. See Complaint (Doc. #1) filed Nov. 10, 2011.  This matter is before the Court on Defendants KTW Enterprises, LTD. And Ryan Scott A/K/A Bo Scott's Motion To Dismiss For Lack Of Personal Jurisdiction (Doc. #54) filed March 8, 2011, Plaintiffs' Motion For Leave To File Surreply To Motion To Dismiss (Doc. 54) (Doc. #90) filed May 27, 2011 and Plaintiffs' Motion For Leave To File Second Surreply To Motion To Dismiss (Doc. 54) (Doc. #94) filed June 10, 2011.

Defendants KTW Enterprises, Ltd. and Ryan Scott seek dismissal under Rule 12(b)(2), arguing that this court lacks personal jurisdiction over them because they do not have sufficient minimum contacts with Kansas to satisfy constitutional due process under the Fourteenth Amendment. See Doc. #54.

Plaintiffs have a "light" burden to make a prima facie showing of personal jurisdiction to avoid dismissal under Rule 12(b)(2). Echtinaw v. Lappin, No. 08-3011-KHV, 2009 WL 604131, at *6 (D. Kan. March 9, 2009) (citing Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995)). The well-pled facts – as distinguished from conclusory allegations -- must be taken as true to the extent they are uncontroverted by defendants' affidavits, though only the well pled facts of plaintiffs' complaint -- as distinguished from conclusory allegations -- must be accepted as true. Id. Here, defendants do not controvert any facts in plaintiffs' complaint, but rather assert that plaintiffs have not met their initial prima facie burden to show personal jurisdiction.

In a federal question case, determining whether a federal court has personal jurisdiction over nonresident defendants requires two steps. Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000). First, the Court examines whether service of process establishes jurisdiction under Rule 4(k), Fed. R. Civ. P., either as authorized by the applicable federal statute or under the jurisdictional rules of the state where the district court is located. See Peay, 205 F.3d at 1209; Rule 4(k), Fed. R. Civ. P. The Court then determines whether the exercise of jurisdiction comports with due process, which in federal question cases flows from the Fifth Amendment. Peay, 205 F.3d at 1210.

As noted, defendants argue lack of due process under the Fourteenth Amendment, not the Fifth. In Peay, the Tenth Circuit enumerates various factors for courts to consider when determining whether jurisdiction comports with Fifth Amendment due process principles.[1]

---

[1] Specifically, the Tenth Circuit identifies the following factors: (1) the extent of defendants' contacts with the place where the action was filed; (2) the inconvenience to defendants of having to defend in a jurisdiction other than that of their residence or place of business, including (a) the nature and extent and interstate character of defendants' business, (b) defendants' access to counsel, and (c) the distance from defendants to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the
(continued…)

Defendants do not address these factors or Fifth Amendment due process principles in their motion or supporting documents.  The Court cannot ascertain from the record whether any of the factors favor defendants.  Defendants have therefore not carried their burden to show that the exercise of jurisdiction in this forum will make litigation "so gravely difficult and inconvenient" that they unfairly are at "a severe disadvantage in comparison" to plaintiffs.  Id. at 1212 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)).  The Court overrules defendants' motion to dismiss (Doc. #54) and thus overrules as moot plaintiffs' two motions which seek leave to file surreplies to the motion to dismiss (Docs. #90 and 94).

**IT IS THEREFORE ORDERED THAT** Defendants KTW Enterprises, LTD. And Ryan Scott A/K/A Bo Scott's Motion To Dismiss For Lack Of Personal Jurisdiction (Doc. #54) filed March 8, 2011, Plaintiffs' Motion For Leave To File Surreply To Motion To Dismiss (Doc. 54) (Doc. #90) filed May 27, 2011 and Plaintiffs' Motion For Leave To File Second Surreply To Motion To Dismiss (Doc. 54) (Doc. #94) filed June 10, 2011, be and hereby are **OVERRULED.**

Dated this 21st day of September, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

extent to which the discovery proceedings will take place outside the state of defendants' residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that defendants' activities have beyond the borders of their state(s) of residence or business.  Peay, 204 F.3d at 1212.