IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOUNCING BEAR BOTANICALS, INC., )<br>JONATHAN SLOAN and BRAD MILLER, )<br>                                )<br>      **Plaintiffs,**                  )<br>                                )<br>v.                               )<br>                              )<br>KTW ENTERPRISES, LTD., RYAN SCOTT, )<br>a/k/a BO SCOTT and ALEX DIMOV, d/b/a )<br>ALLEGRAND ENTERPRISES, )<br>                              )<br>      **Defendants.**             )<br>_____) | CIVIL ACTION<br><br>No. 10-4138-KHV |

**MEMORANDUM AND ORDER**

Bouncing Bear Botanicals, Inc., Jonathan Sloan and Brad Miller brought suit against KTW Enterprises, LTD ("KTW"), Ryan Scott and Alex Dimov, alleging violations of the Lanham Act, 15 U.S.C. § 1121 et seq., and various supplemental state law tort claims and trademark violations. See Complaint (Doc. #1) filed Nov. 10, 2011. On January 6, 2012, the parties filed a Stipulation Of Voluntary Dismissal Without Prejudice (Doc. #160) which dismissed the claims against KTW and Scott. This matter is before the Court on Plaintiffs' Motion To File Documents Under Seal (Doc. #163) filed January 6, 2012. Under D. Kan. Rule 5.4.6, plaintiffs seek leave to file under seal documents in support of a motion for default judgment. Specifically, plaintiffs ask that they be allowed to file under seal certain documents subject to a protective order (Doc. #81) which the parties have designated as "Confidential – Attorneys Eyes Only" and "Confidential."

Aside from the protective order, any motion to seal must establish that interests which favor non-disclosure outweigh the public interest in access to court documents. See Nixon v.

Warner Commc'ns Inc., 435 U.S. 589, 599, 98 S. Ct. 1306, 55 L. Ed.2d 570 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).  The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution.  Crystal Grower's Corp., 616 F.2d at 461.  In addition, the public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest.  Id.  To establish good cause, a moving party must submit particular and specific facts, and not merely "stereotyped and conclusory statements."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed.2d 693.

Plaintiffs provide no argument or authority to support their request that the documents remain under seal.  They do not suggest why the information, if disclosed, would be harmful to any party.  Furthermore, they do not demonstrate that redaction would be insufficient to protect any legitimately-confidential information.  Instead, plaintiffs base their request fully on the protective order.  The Court therefore denies the motion to seal the documents.  See e.g. Sibley v. Sprint Nextel Corp., 254 F.R.D. 662, 667 (D. Kan. 2008).

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion To File Documents Under Seal (Doc. #163), filed January 6, 2012, be and hereby is **OVERRULED.**

Dated this 30th day of April, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
