## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BOUNCING BEAR BOTANICALS, INC., et al.,**<br><br>     **Plaintiffs,**<br><br>v.<br><br>**ALEX DIMOV**<br>**(d/b/a ALLEGRAND ENTERPRISES),**<br><br>     **Defendant.** | **Case No. 10-4138-DDC-JPO** |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiffs Bouncing Bear Botanicals, Inc., Jonathan Sloan, and Brad Miller's Motion to Renew Judgment (Doc. 190) under Fed. R. Civ. P. 69(a) and Kan. Stat. Ann. § 60-2403.

On February 4, 2013, our court entered default judgment against defendant Alex Dimov (d/b/a Allegrand Enterprises) for $3,315,278 in damages and $3,137.40 in service costs. Doc. 184. The court also awarded plaintiffs their reasonable attorney's fees in an amount to be determined following plaintiffs' submission of itemized costs and time entries. *Id.*

On April 8, 2013, our court granted plaintiffs their reasonable attorney's fees in the amount of $42,250 and costs in the amount of $1,082 against defendant Alex Dimov (d/b/a Allegrand Enterprises). Doc. 187.

The February 4, 2013 default judgment will become dormant on February 4, 2018 under Kan. Stat. Ann. § 60-2403 unless a renewal affidavit is filed with the court. On February 1, 2018, plaintiffs' counsel filed a renewal affidavit (Doc. 189) with plaintiffs' motion. Plaintiffs now ask the court to renew the February 4, 2013 default judgment.

Federal Rule of Civil Procedure 69 governs the execution of money judgments. It provides in relevant part: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). No federal statute specifically governs renewal of judgments, so state law governs. *See McCarthy v. Johnson*, 172 F.3d 63, 1999 WL 46703, at *1 (10th Cir. Feb. 3, 1999) ("[W]e think it beyond question that renewal of a judgment is a type of relief available to litigants, and that the requirements governing the granting of such relief are governed by state law." (citing Fed. R. Civ. P. 69(a)). Our court entered the default judgment at issue. So, Kansas law governs renewal of the February 4, 2013 default judgment.

Under Kansas law, "if a renewal affidavit is not filed . . . within five years from the date of the entry of any judgment in any court of record in [Kansas] . . . the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor." Kan. Stat. Ann. § 60-2403(a)(1). "A 'renewal affidavit' is a statement under oath, signed by the judgment creditor or the judgment creditor's attorney, filed in the proceedings in which the judgment was entered and stating the remaining balance due and unpaid on the judgment." *Id.* § 60-2403(a)(2).

Here, plaintiffs have complied with Kansas law. Plaintiffs' counsel has filed a renewal affidavit (Doc. 189) in this case—the same proceeding where the court entered the default judgment—before the five-year deadline has expired. In the renewal affidavit, plaintiffs' counsel affirms that the remaining balance due and unpaid on the judgment is $3,361,747.40. Doc. 189 at 2. Because plaintiffs have complied with the requirements of Kan. Stat. Ann. § 60-2403, the court grants plaintiffs' motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion to Renew Judgment (Doc. 190) under Fed. R. Civ. P. 69(a) and Kan. Stat. Ann. § 60-2403 is granted.

**IT IS SO ORDERED.**

**Dated this 14th day of March, 2018, at Topeka, Kansas**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**